

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable A. J. Bryan, Jr.
Criminal District Attorney
Hill County
Hillsboro, Texas

Dear Sir:

Opinion Number O-2430
Re: May the Commissioners' Court purchase material and pay for labor in fencing right-of-way out of bond money voted for the purpose of purchasing a right-of-way for the use of the State Highway Department in building State designated highways?

We acknowledge receipt of your opinion request of recent date and quote your letter as follows:

"This office would appreciate an opinion from your department concerning the following facts: A bond issue was passed in this county which set aside $30,000 to be used for the purpose of purchasing right of way for the use of the State Highway Department in building paved State designated highways. The Commissioners' Court has purchased right of way for highways to be paid for out of the bond money.

"In most instances the new highway will cut across a pasture or open field. When such a case arises the landowners have asked that the county buy the material and erect fences along the right of way and pay for the same out of the bond money.

"Question: Can the bond money be used to purchase the material and pay for the labor on these fences?

"I might add to the statement above this illustration: A man owns a strip of land and the new highway goes through the middle of his pasture and he asks $100.00 per acre for the three acres in the right of way. The court agrees to pay him the $100.00 per acre and secures from him a deed to the right of way. Later he asks that they erect the fences.

"Question: If the cost of the fence was included in the purchase price as a part thereof, would that be proper?"

It is elementary that the fund derived from the sale of bonds may not be diverted from the purposes specified in the proposition submitted to the electors. Aransas County vs. Coleman-Fulton Pasture Company, 191,SW. 555; Heathman vs. Singletary, 12 S.W. (2d) 150; Huggins vs. Baden, 259 S.W. 204.

It follows that where a departure from the proposition appearing on the ballot paper is alleged, the only question is whether the expenditure contemplated is within or without the proposition upon its true construction. Adams vs. Mullen, 244 S.W. 1083.

As we understand it, the bonds in question were voted for the purpose "of purchasing right-of-way for the use of the State Highway Department in building paved State designated highways."

In condemnation suits the Texas courts have held that reasonable costs of sufficient fences may be taken into consideration in fixing the amount of damages due the landowner. Morris vs. Coleman County, 28 S.W. 380.

It is the opinion of this department that the construction of necessary fences or paying for fencing of land acquired for right-of-way purposes is an incidental and necessary expense in acquiring said right-of-way.

Therefore, in our opinion, bond money may be used for fencing land acquired for right-of-ways where bonds were voted for the purpose above quoted. This may be done in one of two ways -- the Commissioners' Court may include the reasonable price of necessary fences in the amount that they pay for the land for right-of-way, or if in their sound discretion the court believes it is better and more economical for the county, they may purchase the material and pay for the labor to construct said fences out of bond money, not including this item in the purchase price of the land. Under the illustration stated in your letter, where the price of fencing was included in the original purchase price of the land, the court cannot later pay for the fences out of bond money.

Trusting that this answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Claud O. Boothman
Claud O. Boothman
Assistant

COB:s:wc

APPROVED JUNE 14, 1940
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee by s/BWB Chairman